IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY GORRELL DESIGN, INC., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. |
| v. | : | |
| | : | |
| DAVID and CLAUDIA TUTTLEMAN, | : | JURY TRIAL DEMANDED |
| Husband and Wife, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

### The Parties

1. Plaintiff, Gregory Gorrell Design, Inc. ("GGD"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 350 West Street Road, Kennett Square, Pennsylvania.

2. Defendants, David Tuttleman and Claudia Tuttleman (collectively, "Tuttleman"), are married adult individuals with a principal residence at 8 Red Oak Road, Wilmington, Delaware.

### Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter arises under the laws of the United States (17 U.S.C. § 101, *et seq.*)

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events or omissions giving rise to the claim occurred herein.

**Factual Background**

5. At all times material hereto, GGD has been in the business of providing interior design and decorating services for residential, commercial, marine and aviation applications.

6. In or about March, 1999, the Tuttlemans retained GGD to perform design and decorating services ("Work") in connection with the construction and furnishing of a vacation home in Ocean City, Maryland ("Home"). The Work included consultation regarding the overall layout and design of the Home, design and fabrication of various decorative and/or functional items for the Home, and accompanying the Tuttlemans on trips to various locales such as Philadelphia, Miami, New York City and Toronto to purchase materials, products and/or furnishings for the Home.

7. Under the terms of the engagement, the Tuttlemans agreed to pay GGD a monthly salary of $6,000.00 during the pendency of the project in consideration of the Work to be performed by GGD. The Tuttlemans also agreed to reimburse GGD for GGD's costs incurred in purchasing/supplying materials, products and/or other furnishings on behalf of the Tuttlemans as part of the Work.

8. From March, 1999 through October, 2000, GGD performed the Work and discharged all of its obligations due and owing to the Tuttlemans under the terms of the engagement.

9. Despite GGD's demand, the Tuttlemans have wrongfully failed and refused to pay GGD's salary for the months of August, September and October, 2000, totaling $18,000.00. In addition, despite GGD's demand, the Tuttlemans have wrongfully failed and refused to pay

GGD $83,959.00 for materials, products and/or other furnishings purchased/supplied by GGD as part of the Work.

10. Despite the Tuttlemans' retention of GGD and GGD's performance of the Work, the Tuttlemans improperly failed to credit GGD for its work, and instead claimed that they performed the "Interior Design" of the Home in an article appearing at page 238 of the Winter, 2001 edition of *Washington/Maryland/Virginia Home & Design* Magazine.

## COUNT I
### Breach of Contract

11. GGD incorporates Paragraphs 1 through 10 above as though fully set forth herein at length.

12. The Tuttlemans breached their contract with GGD, which contract is described at Paragraphs 6 and 7 above, by failing to pay GGD the agreed-upon monthly salary for August, September and October, 2000, totaling $18,000.00, and also by failing to reimburse GGD for GGD's expenditure of $83,959.00 for materials, products and/or furniture provided to the Home as part of the Work.

13. As a direct and proximate result of the Tuttlemans' breach of contract, GGD has suffered a loss in excess of $101,959.00.

WHEREFORE, plaintiff Gregory Gorrell Design, Inc. respectfully requests that this Court enter judgment in its favor and against defendants David and Claudia Tuttleman on Count I of this Complaint for compensatory damages in the amount of $101,959.00, plus interest, costs, and such further amounts as this Court deems just and proper.

## COUNT II

### Violation of 17 U.S.C. § 101, *et seq.*

14. GGD incorporates the allegations of Paragraphs 1 through 13 above as though fully set forth herein at length.

15. As part of the Work, GGD conceived, designed and oversaw the fabrication of many unique items in the Home, including, without limitation, the wet bar, the master bedroom headboard, the media room ceiling and the overall decorative design, all of which constitute original works fixed in a tangible medium of expression and/or works of visual art.

16. In addition to its other rights under the copyright laws of the United States, GGD is entitled to proper attribution for the creation of the above-referenced unique items and overall decorative design.

17. The Tuttlemans committed multiple infringements upon and violations of GGD's right of attribution and other rights afforded under the copyright laws of the United States by willfully and wrongfully claiming that they, and not GGD, performed the interior design of the Home, and by allowing said claim to be published in *Washington/Maryland/Virginia Home & Design* Magazine, as more fully set forth in Paragraph 10 above.

18. As a direct and proximate result of the Tuttlemans' willful and multiple infringements, GGD has suffered damages, including, but not limited to, loss of attribution and publicity and the corresponding loss of future work expected to otherwise be generated by proper attribution and publicity.

WHEREFORE, plaintiff Gregory Gorrell Design, Inc. respectfully requests that this Court enter judgment in its favor and against defendants David and Claudia Tuttleman on Count II of this Complaint for compensatory damages or, alternatively, statutory damages, and reasonable attorney's fees in an amount in excess of $150,000.00, plus interest, costs, and such further amounts as this Court deems just and proper.

    Respectfully submitted,

    WOLF, BLOCK, SCHORR and SOLIS-COHEN, LLP


    By: _____
       Scott M. Waldman
       1650 Arch Street, 22nd Floor
       Philadelphia, PA  19102
       (215) 977-2074
       *Attorney for Plaintiff,*
       *Gregory Gorrell Design, Inc.*

Date:  June 14, 2002